UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAMON LOVELL** | : | **CIVIL ACTION NO. 2:18-cv-760** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **OFFICE OF FINANCIAL INSTITUTIONS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint [doc. 1] by pro se plaintiff Damon Lovell, alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Lovell has been granted leave to proceed in forma pauperis in this matter.

### I.
#### BACKGROUND

Lovell brings this complaint against Office of Financial Institutions ("OFI"), a state agency where he formerly worked, and several individual employees/officers of that agency. Doc. 1. He alleges that the defendants violated Title VII by discriminating against African-American men in their hiring practices and by intentionally failing to retain certain hiring and employment records that would show the extent of their discriminatory practices. *Id.* at 1–6. He seeks injunctive relief to end discriminatory hiring practices as well as compensatory and punitive damages on behalf of African-American applicants who were not hired by the agency. *Id.* at 6–7.

# II.
# LAW & ANALYSIS

## A. *Frivolity Review*

Lovell has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of her claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

## B. *Application*

Lovell alleges violations of Title VII, which generally prohibits employment practices that discriminate on the basis of race, color, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Under Title VII, employers who are subject to investigation by the Equal Employment Opportunity Commission are obligated to make and keep records "relevant to the determinations of whether unlawful employment practices have been or are being committed." *Id.* at § 2000e-8(c).

### 1. *Standing*

"In order to have standing, a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the

defendant's conduct; and (3) a favorable judgment is likely to redress the injury."[1] *Manley v. Invesco*, 555 Fed. App'x 344, 348 (5th Cir. 2014) (quoting *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008)). Under Title VII, the discrimination need not be economic or tangible as long as the complainant alleges that the workplace was so "permeated with discriminatory intimidation, ridicule, and insult" as "to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 114 S.Ct. 367, 370 (1993) (internal quotations omitted).

Lovell complains that he was one of the few African-American men hired by OFI, and that the agency discriminated against other African-American men in its recruitment and hiring practices. He never alleges, however, that the agency took any adverse action against him personally. He should amend his complaint to show how the alleged hiring discrimination resulted in some injury to him, or dismiss this claim.

### 2. *Cause of action under 42 U.S.C. § 2000e-8(c)*

Lovell also raises a claim based on OFI's alleged failure to make and preserve records required under Title VII. The language of the statute, however, and the associated federal regulation at 29 C.F.R. § 1602.14, provide no indication that a private plaintiff has standing to enforce this duty. Instead, it appears that the only party with standing in such a cause of action would be the Equal Employment Opportunity Commission. *See Catoire v. Caprock Telecomm. Corp.*, 2003 WL 21223258, at *2 (E.D. La. May 22, 2003).

---

[1] Lovell may be attempting to proceed as a class representative on behalf of unhired African-American applicants. He may not proceed as such unless granted class certification under Federal Rule of Civil Procedure 23(c), and his lack of standing above would prevent him from serving as representative because he has not shown that his claims are typical of the claims of the alleged class or that he will fairly and adequately protect the interests of the class. *Id.* at 23(a)(3)–(4).

Lovell may pursue this claim under the Louisiana tort of spoliation of evidence if he can show that the defendants intentionally destroyed files for the purpose of depriving him of their use. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 374 (5th Cir. 2003). To this end, however, he must identify which records were destroyed and which defendant(s) he believes to be responsible. *See* Fed. R. Civ. P. 8.

### *3. Proper defendants*

Finally, Lovell should be aware that the OFI employees/officers named as defendants herein, whether in their official or individual capacities, are not proper parties to his Title VII claims. *See Kirk v. Mississippi Dep't of Pub. Safety*, 2015 WL 13631066, at *2–*3 (S.D. Miss. Feb. 3, 2015). Instead, the OFI is the only proper defendant for such claims and all Title VII claims against the individual defendants must be dismissed.

### *4. Frivolity warning*

Lovell is cautioned that, in the event his complaint is served and the defendants ultimately prevail, an award of attorney's fees may be made to the defendants if the court finds that the plaintiff's claims were "'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so' or that the complaint was brought in bad faith." *Provensal v. Gaspard*, 524 Fed. App'x 974, 976 (5th Cir. 2013) (quoting *Christiansburg Garment Co. v. EEOC*, 98 S.Ct. 694 (1978)). If he wishes to have this matter served, he should exercise care in supplying the additional allegations required to proceed on claims of employment discrimination or retaliation, and should dismiss any claim which he now believes to be without merit.

### III.
#### CONCLUSION

Lovell must amend his complaint to correct the deficiencies described above. Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Lovell at his last address on file.

**IT IS ORDERED** that Lovell amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Lovell is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 12th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE